IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRETT SOLOWAY,<br><br>    Plaintiff,<br><br>vs.<br><br>ALM GLOBAL LLC and HUGO GUZMAN,<br><br>    Defendants. | Case No. 1:24-CV-02925<br><br>Judge Jeffrey I. Cummings |

## JOINT INITIAL STATUS REPORT

NOW COMES Plaintiff BRETT SOLOWAY and Defendants ALM GLOBAL LLC and HUGO GUZMAN, and respectfully submit the following joint initial status report:

**I.**    **The Nature of the Case**

    A.  Attorneys of Record:

        Plaintiff is represented by Nicole Wrigley (lead trial counsel) and Maura Levine-Patton of Benesch, Friedlander, Coplan & Aronoff, 71 South Wacker Drive, Suite 1600, Chicago, Illinois 60606.

        Defendants are represented by Elizabeth A. McNamara (lead trial counsel, *pro hac vice* forthcoming), John M. Browning (*pro hac vice* forthcoming) of Davis Wright Tremaine LLP, 1251 Avenue of the Americas, 21st Floor, 21st Floor, New York, New York 10020 and Kimberly Bousquet of Davis Wright Tremaine LLP, 300 North LaSalle Street, Suite 2200, Chicago, Illinois 60654.

    B.  Nature of the Claims:

        Plaintiff Brett Soloway ("Plaintiff") has sued Defendants ALM Global LLC and Hugo Guzman ("Defendants") for defamation based upon two allegedly false articles published by Defendants about Plaintiff in April and September 2023. Plaintiff alleges that his professional reputation has been ruined and he has lost employment opportunities because of Defendants' articles.

    C.  Statement of the Legal and Factual Issues:

        1.  *Plaintiff*: The Defendants knowingly and willfully published two false articles about Plaintiff Brett Soloway in April and September 2023. The first article—published in April 2023—falsely connected Mr. Soloway's amicable departure

from his position as General Counsel at Cushman & Wakefield with a completely unrelated, sensational court finding in a case involving former-President Donald Trump. The second article—published in September 2023—was another version of the April article, keeping the defamatory implications about Mr. Soloway wholly intact. Both articles remain online today. Both articles contain false claims and implications about Mr. Soloway.

Defendants acted negligently and with actual malice because they knew or should have known that their articles about Mr. Soloway were false; Defendants had no basis to connect Mr. Soloway's departure from Cushman to the Trump-related legal matter. Defendants published both articles to benefit themselves by garnering more online "clicks," and then refused to retract or remove the articles, even after receiving a demand and being informed of the professional harm being suffered by Mr. Soloway. Both articles are defamatory *per se* because they imputed that Mr. Soloway failed or was unfit in performing his duties as General Counsel at Cushman. The articles imply that Mr. Soloway's replacement at Cushman stems from performance reasons even though there is no reasonable basis or association to be made. Defendants wanted to tie Mr. Soloway's departure to a salacious legal proceeding about Trump to make the article more sensational. Thus, they decided against drafting a straightforward "replacement of General Counsel" article, and instead wrote a sensationalist piece that would garner Defendants online attention. Both articles at issue are actionable under Illinois law.

2. *Defendants*: Plaintiff's defamation claims should be dismissed because the articles at issue are not actionable under Illinois law. On April 14, 2023, Defendants published an article entitled *Cushman Replaces GC in Wake of Company's Rebuke by Judge in Trump Probe* (the "Article"). The Article accurately reported Plaintiff's "departure" from his role as Cushman General Counsel "eight months after a judge found the company in contempt of court for not complying with subpoenas" in the highly publicized civil litigation that New York Attorney General Letitia James brought against The Trump Organization; the Article further reports that Cushman was "granted time extensions" that allowed the firm to escape contempt sanctions (the "Cushman Contempt Proceedings"). In response to a retraction demand from Plaintiff and Cushman, the Article was updated in September 2023 (the "Revised Article"), but Defendants stood by their reporting and did not make material changes.

The Article and the Revised Article (collectively, the "Articles") are not actionable under Illinois law. Plaintiff alleges that the Articles defamed Plaintiff by "connecting [Plaintiff's] departure from Cushman with the contempt order in the Trump case" – which allegedly "imputed that [he] failed, or was unfit in performing his duties as the General Counsel of Cushman." Compl. ¶122. But the Articles never report that Plaintiff was fired as a result of the Cushman Contempt Proceedings. Rather, they accurately report that he "departed" voluntarily and was "replaced" eight months after those events. Because the Articles are reasonably susceptible to this innocent and non-defamatory interpretation, they are not actionable under Illinois law. The Articles are also not actionable because they are undeniably true in all material respects and because the reporting on the Cushman

2

Contempt Proceedings is subject to Illinois' absolute privilege for fair and accurate reporting on judicial proceedings.

D. <u>The Relief Sought</u>: Plaintiff seeks reputational, compensatory and punitive damages and other such relief as Court deems just and appropriate.

## II. Jurisdiction

A. There are no federal statutes at issue on which federal question jurisdiction is based.

B. The Court has jurisdiction pursuant to 28 USC § 1332 because there is complete diversity of citizenship between Plaintiff (a citizen of Illinois) and Defendants (citizens of California, New York, and Delaware).

1. The amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interests and costs. Mr. Soloway's lost employment opportunities are in excess of $1 million dollars given his annual salary exceeded $2 million and the irreparable reputation harm he has already suffered—and continues to suffer—as third parties in his field will not deal with him anymore as a result of the articles.

2. The state of citizenship for Plaintiff is Illinois. The state of citizenship of Defendant Hugo Guzman is California. The states of citizenship of Defendant ALM Global LLC are New York and Delaware. (Dkt. 10).

## III. Status of Service: Both Defendants have been served and/or accepted service of process.

## IV. Motions:

A. There are currently no pending motions.

Defendants intend to file a motion to dismiss the Complaint for failure to state a claim and an accompanying motion to stay discovery on or before July 1, 2024. Plaintiffs intend to oppose both motions.

## V. Case Plan:

A. <u>Discovery Plan Proposal</u>:

1. *Plaintiff*: Both written and oral factual discovery are needed, including party document production, subpoenas of third parties for document production, interrogatories, requests for admission and depositions. Expert discovery may be needed, including expert reports and depositions. Any delay in the resolution of this case—including discovery—will prejudice Mr. Soloway, given that every day that passes results in ongoing harm to his professional reputation and employment prospects. The factual issues in this case are straightforward; delay is neither necessary nor reasonable.

*Defendants*: Defendants take the position that discovery should be stayed pending the disposition of their forthcoming motion to dismiss. That dismissal motion is

  likely to dispose of this action without the need for any discovery because it will establish that Plaintiff's claims are not actionable on at least three separate grounds: (1) that the statements at issue are not defamatory under Illinois law, (2) that the statements at issue are indisputably true and (3) that the articles' reporting on the Cushman Contempt Proceedings are protected by Illinois' absolute fair report privilege. The brief stay requested will not prejudice Plaintiff and will protect the parties from needless discovery burdens.

2. The parties propose that the Rule 26(a)(1) disclosures are due **Monday, July 29, 2024,** 30 days after the initial tracking status hearing on June 28, 2024.[1]

3. Plaintiff proposes that the first date by which the parties should issue written discovery should be **Monday, July 29, 2024**.

    Defendants propose that the first date by which the parties should issue written discovery should be **Monday, August 26, 2024**.

4. Plaintiff proposes that fact discovery should be complete by **November 1, 2024**.

    Defendants propose that fact discovery should be complete by **Friday, February 28, 2025**.

5. Plaintiff proposes that amended pleadings should be filed by **November 1, 2024**.

    Defendants propose that amended pleadings should be filed no later than 21 days after the filing of Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 15 and this Court's Individual Rule on Motions to Dismiss.

6. Plaintiff anticipates expert discovery and proposes it shall be complete by **January 31, 2025.**

    Defendants propose that expert discovery, if any, shall be complete by **Friday April 25, 2025.**

B. <u>Trial</u>:

1. A jury trial is requested; and

2. The length of the trial will be approximately three to four (3-4) days.

VI. **Consent and Settlement Discussions**:

  A. The parties have advised their clients that they may proceed before a Magistrate

---

[1] Unless and until their motion for a stay of discovery is granted, Defendants will comply with their obligations under the relevant Rules, the dates they set forth in this Joint Status Report and any Scheduling Order issued by the Court.

Judge. The parties do not consent to do so.

B. There have been no settlement discussions to-date. Defendants agree to conduct a settlement conference following the filing of their Motion to Dismiss if Plaintiff requests one at that time. Plaintiff requests a settlement conference before fact discovery begins.

Respectfully submitted,


By: */s/ Nicole E. Wrigley*
Nicole E. Wrigley
Maura Levine-Patton
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949
Facsimile: 312.767.9192
NWrigley@beneschlaw.com
MLevine-Patton@beneschlaw.com


By: */s/ Kimberly Bousquet*
Kimberly Bousquet
Davis Wright Tremaine LLP
300 North LaSalle Street, Suite 2200
Chicago, Illionois 60654
Telephone: 312.8206877
kimbousquet@dwt.com

Elizabeth A. McNamara (pro hac vice forthcoming)
John M. Browning (pro hac vice forthcoming)
1251 Avenue of the Americas, 21st Fl.
Telephone: 212.489.8230
lizmcnamara@dwt.com
jackbrowning@dwt.com