**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRETT SOLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 24-cv-02925 |
| | ) | |
| v. | ) | Hon. Jeffrey I. Cummins |
| | ) | |
| ALM GLOBAL, LLC, and HUGO GUZMAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants ALM Global, LLC ("ALM") and Hugo Guzman (collectively, "Defendants"),
by and through their undersigned attorneys, respectfully request that the Court stay all discovery
in the above-captioned action until after the Court has ruled on Defendants' pending motion to
dismiss the Complaint filed by Plaintiff Brett Soloway ("Plaintiff").

## INTRODUCTION

Discovery should be stayed pending a decision on Defendants' motion to dismiss which
sets forth multiple independent grounds for dismissing this meritless libel action with prejudice.
This lawsuit arises from an article about Plaintiff's departure from his position as General Counsel
of the commercial real estate conglomerate Cushman & Wakefield plc ("Cushman") less than a
year after Cushman was held in contempt for its response to subpoenas served in the highly
publicized civil lawsuit the New York Attorney General filed against the Trump Organization for
engaging in fraudulent valuations of real estate. For the reasons set forth in the dismissal motion,
the articles at issue are (i) not defamatory *per se* under Illinois innocent construction rule, (ii)
protected by the Illinois fair report privilege, (iii) substantially true and (iv) contain non-actionable

opinion.  Defendants have timely moved to dismiss the Complaint on these grounds and Plaintiff will not be materially prejudiced by a brief stay of discovery, which for the following reasons will conserve judicial resources and reduce the burden on both the parties and on this Court. Accordingly, Defendants' respectfully request that this Court stay all written and oral discovery until after the Court decides Defendants' pending dismissal motion.

## FACTUAL BACKGROUND

This defamation action arises entirely out of two versions of an article that ALM published about Plaintiff's departure from his role as Cushman's General Counsel.  *See* Compl. Ex. 1, 3 (the "Articles").  Defendants' Motion to Dismiss can be decided – and granted with prejudice – based on nothing more than the facts below, which all derive from the Complaint and the Articles annexed as Exhibits thereto.

In or about August 2020, New York Attorney General initiated civil proceedings against the Trump Organization for engaging in "financial fraud by presenting vastly disparate property values to lenders and tax officials."  Compl. ¶ 30.  After Cushman was subpoenaed to provide documents relating to its appraisals of properties owned by the Trump Organization, Justice Engoron, who was presiding over the New York civil proceedings, held Cushman in contempt of court for failing to timely respond to the subpoenas (the "Cushman Contempt Proceedings").  *Id.* ¶ 31.  After an appeal by Cushman, the New York court purged the contempt order and declined to assess any fines against Cushman.  *Id.* The Cushman Contempt Proceedings were widely publicized in contemporaneous news reports.  *Id.* ¶ 34.

In March 2023, seven months after the Cushman Contempt Proceedings, Plaintiff allegedly "departed Cushman on independent and friendly terms."  *Id.* ¶ 4.  The press release announcing the appointment of Plaintiff's successor as Cushman's General Counsel did not mention Plaintiff

or the reasons behind his departure, and Plaintiff's biography was also removed from the Cushman website without explanation.  *Id*. ¶¶ 56-57.

On April 14, 2023, ALM published an article by its reporter Hugo Guzman entitled *Cushman Replaces GC in Wake of Company's Rebuke by Judge in Trump Probe.*  Compl. Ex. 1. In September 2024, ALM published a revised article, which was largely identical to the April 2023 article except that it had the new headline, *Cushman Replaces GC Who Headed Legal Department During Trump Probe*.  The Articles included an accurate summary of the Cushman Contempt Proceedings, and reported that Cushman's decision to "replace[] Plaintiff . . . comes eight months after a judge found the company in contempt of court for not complying with subpoenas in New York Attorney General Letitia James' Donald Trump investigation."  *Id*.

Plaintiff filed his Complaint on April 11, 2024, asserting a single claim for defamation *per se*.  Plaintiff alleges that the Articles are defamatory *per se* because they falsely suggest that he "did something wrong as General Counsel for Cushman and related to the outcome of a Trump-associated legal dispute where Cushman was a third party that warranted Cushman letting him go and finding a replacement."  Compl. ¶¶ 39, 122.  The Complaint further alleges that the Articles' headlines falsely suggest that Plaintiff "was fired from Cushman because of poor job performance relating to a legal proceeding involving the Trump Organization."  *Id*. ¶ 50.

On July 1, 2024, Defendants filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 16 (the "Motion to Dismiss").  In the Motion to Dismiss, the Defendants assert multiple legal arguments – including the innocent construction rule, fair report, substantial truth and opinion – which each independently require dismissal of this action with prejudice.

## ARGUMENT

There is "good cause" to stay discovery because Defendants' pending Motion to Dismiss the Complaint is likely to dispose of this entire defamation action based on a review of the non-actionable Articles alone, without the need for any discovery. Fed. R. Civ. P. 26(c).

Courts have broad discretion to stay discovery. *Cent. States, Se. & Sw. Areas Pension Fund v. Waste Mgmt. of Mich., Inc.*, 674 F.3d 630, 636 (7th Cir. 2012) (noting that "district courts enjoy broad discretion in controlling discovery.") (citation omitted); *see also* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ."). And while the filing of a motion to dismiss does not automatically stay discovery, a stay is often appropriate where "the motion to dismiss can resolve a threshold issue … or where … discovery may be especially burdensome and costly to the parties." *DSM Desotech Inc. v. 3d Sys. Corp.*, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008).

In determining whether good cause exists to grant a stay, courts consider three non-binding factors: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Larry R. Sadler Irrevocable Tr. v. Retail Props. of Am., Inc.*, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013) (citation and internal quotation marks omitted). "Numerous cases in this circuit have . . . allowed stays in the face of a Rule 12(b)(6) challenge." *Bilal v. Wolf*, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007). Indeed, "[s]tays of discovery are not disfavored and are often appropriate where the motion to dismiss can resolve the case-at least as to the moving party . . . or where the issue is a threshold

4

one." *Id*.   Here, all of the relevant factors strongly favor granting a brief stay pending the disposition of Defendants' Motion to Dismiss.

*First*, a brief stay pending the resolution of the Motion to Dismiss, which is already on file and will be fully briefed in the coming weeks, will not unduly prejudice or result in any tactical disadvantage to Plaintiff.   In evaluating this factor, the "Court can discount '[t]he general prejudice of having to wait for resolution.'"   *Medline Indus., Inc. v. C.R. Bard, Inc.*, 2019 WL 10948865, at *2 (N.D. Ill. Sept. 10, 2019) (citation omitted).   Courts have held that such a delay "will not unduly prejudice or tactically disadvantage [Plaintiff] because [he] may obtain" responsive, relevant "documents at a later date, if necessary and permissible."   *Sadler*, 2013 WL 12333447, at *1.   *See also, e.g.*, *Swanson v. Alpha Kappa Alpha Sorority et al.*, No. 1:24-CV-00585, ECF No. 29 (N.D. Ill. June 13, 2024) (Cummings, J.) (granting motion to stay discovery pending resolution of Rule 12(b)(6) motion to dismiss where "plaintiff has not identified nor has the Court any specific prejudice or tactical disadvantage plaintiff may suffer if a stay is granted, apart from the resulting delay in awaiting a resolution of this case, which can be discounted") (citing *Medline*, 2019 WL 10948865, at *2).   Since there are no unusual circumstances here under which Plaintiff may suffer undue prejudice, the first factor weighs in favor of a stay.[1]

*Second*, Defendants expect that their Motion to Dismiss will simplify the issues in question by requiring in dismissal of this entire action on several independent grounds.   Courts in this District have stayed discovery pending the resolution of motions to dismiss where, like here, a decision granting the motion would dispose of the entire case.   *See, e.g.*, *Rodriguez v. Ford Motor*

---

[1] In the parties' Joint Initial Status Report, Plaintiff stated that he opposes a stay of discovery because "[a]ny delay in the resolution of this case – including discovery – will prejudice Mr. Soloway, given that every day that passes results in ongoing harm to his professional reputation and employment prospects."   ECF No. 12, 3.   This is precisely the sort of "general prejudice" that courts have held to be insufficient to defeat a motion seeking a stay of discovery.   Moreover, any assertion of urgency is undermined by the fact that Plaintiff waited several months before contacting Defendants about the first Article and then another six months before filing suit.   *See* Compl. ¶¶ 78-83.

*Co.*, 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2022) (granting stay motion where "the fact that the issues raised could potentially be dispositive weighs in favor of staying discovery"); *Sadler*, 2013 WL 12333447, at *1 (granting stay where, "most importantly, the motions to dismiss currently before the Court are not frivolous and are potentially dispositive. In the event the Court were to grant the motions, in whole or in part, the case could be over or significantly reduced."); *Swanson*, ECF No. 29 (granting stay where "there are two fully briefed pending motions to dismiss, the resolution of which could streamline the issues before the Court"). Even if the Motion to Dismiss is denied, it promises to streamline the case before trial and therefore avoid the waste that might entail from less focused discovery.

And the *third* factor weighs in favor of a stay because it will reduce the burden of litigation on the parties and on the court. Simply put, the stay of discovery is necessary to avoid the waste of resources that would ensue if the parties engaged in discovery only to have the case dismissed before any evidence produced by that process could serve a legitimate purpose. A stay of discovery in this defamation action is particularly appropriate to safeguard Defendants' First Amendment rights and avoid the chilling effect on speech that would result if they were required to engage in unnecessary discovery. *See, e.g.*, *Bongino v. Daily Beast Co., LLC*, 477 F. Supp. 3d 1310, 1324 (S.D. Fla. 2020) (recognizing "powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation") (quoting *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016)). The discovery burden on Plaintiff and his former employer Cushman also promises to be significant since it will be necessary for Defendants to probe evidence related to the Cushman Contempt Proceedings and Plaintiff's departure from the firm. As courts have concluded under analogous facts, "[a]ny ruling in the Defendants' favor on any of the various counts against them – again, in whole or in part –

6

could greatly affect the course and scope of discovery taken." *Sadler*, 2013 WL 12333447, at *1. *See also id.* ("Granting the stay will reduce the burden on the parties until the Court rules on the motions to dismiss, which the Court will attempt to do expeditiously."); *Piekarski v. Amedisys Illinois, LLC*, 2013 WL 2357536, at *3 (N.D. Ill. May 28, 2013) ("a stay will reduce the burden of litigation on the parties and the courts and eliminate duplicative discovery and rulings").  Here, there is no serious question that a stay will reduce the burden of litigation on the parties and on this Court pending resolution of the Motion to Dismiss – which will either result in the dismissal of this action without the need for any discovery or will streamline the issues going forward so that discovery may proceed more efficiently.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay discovery pending the resolution of Defendants' Motion to Dismiss.

Dated: July 1, 2024

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

*/s/ Kimberly Bousquet*
Kimberly Bousquet
DAVIS WRIGHT TREMAINE LLP
300 North Lasalle St.
Suite 2200
Chicago, IL 60654
Telephone:    (312) 820-5460
kimbousquet@dwt.com

Elizabeth A. McNamara (*pro hac vice pending*)
John M. Browning (*pro hac vice pending*)
Jesse Feitel (*pro hac vice pending*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone:    (212) 489-8230
Facsimile:    (212) 489-8340
lizmcnamara@dwt.com

7

jackbrowning@dwt.com
jessefeitel@dwt.com

*Attorneys for Defendants ALM Global,
LLC and Hugo Guzman*

**CERTIFICATE OF SERVICE**

I, Kimberly Bousquet, hereby certify that on July 1, 2024, a copy of the foregoing

document was filed electronically and served by e-mail to all parties of record via ECF.


*/s/ Kimberly Bousquet*
Kimberly Bousquet