**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRETT SOLOWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case Number: 1:24-cv-02925 |
| v. | ) |
| | ) Hon. Jeffrey I. Cummings |
| ALM GLOBAL LLC and HUGO GUZMAN, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STAY DISCOVERY**

Plaintiff respectfully opposes Defendants' Motion to Stay Discovery (Dkt. 17). Brett Soloway, Plaintiff in this case, is seeking compensation for damage to his professional reputation resulting from content posted online by Defendants. Defendants' publications insinuate that Mr. Soloway's departure from his role as General Counsel at Cushman & Wakefield in 2023 was a termination connected to a legal case involving Trump, with Cushman as an involved third party. To the contrary, Mr. Soloway's exit from the company was of his own volition and on amicable terms. The consequences of Defendants' publications have been significant; Mr. Soloway has faced difficulties securing employment within his field as potential employers and recruitment agencies have been dissuaded from engaging with or employing him.

Mr. Soloway's lawsuit does not contain novel or complex issues. On the contrary, it is a one-count suit alleging common law defamation. Additionally, no discovery has been served to-date. Defendants have no basis to claim that discovery will be onerous or extraordinarily burdensome on them; courts have dismissed motions to stay discovery for this exact reason. Any stay at this point would slow down the litigation, not speed it up, which alone is grounds to deny

1

Defendants' Motion. Most importantly, however, Mr. Soloway will be prejudiced by any further delay. His professional reputation has been stained. This stain remains as the defamatory content remains online. Defendants' motion should be denied.

## STATEMENT OF FACTS

On April 11, 2024, Mr. Soloway filed suit against Defendants for publishing two defamatory articles and a tweet about him. (*See* Dkt. 1, Complaint). The first article and its blatantly defamatory headline has been online since April 2023. (*Id.* at ¶2). The tweet (espousing the same headline) has been online the same amount of time. (*Id.* at ¶49). The second article, which substantially restates and republishes the defamatory content from the April Article, was published in September 2023. (*Id.* at ¶84). It remains online. (*Id.* at ¶99).

Both articles are defamatory, and in fact, defamatory *per se*. (*Id.* at ¶122). The articles inaccurately link Mr. Soloway's exit from his prior role as General Counsel at Cushman & Wakefield to a third-party subpoena issue in a Trump case, which Cushman handled seven months earlier. (*Id., passim*). Such content wrongly suggests that Mr. Soloway was discharged due to subpar performance. (*Id.*) This is entirely inaccurate. (*Id.*) In reality, Mr. Soloway departed from Cushman on good terms, in a manner completely unrelated to any legal proceedings involving the company. (*Id.* at ¶53).

Mr. Soloway has suffered ongoing and direct damage to his reputation. (*See id.* at ¶¶99-115). His name has been irreparably affected. (*Id.* at ¶102). Prospective employers and business partners are deterred from hiring or working with him. (*Id.*) Mr. Soloway provided multiple specific instances of such harm in his Complaint. (*Id.* at ¶¶106-111). Despite written notice that their allegations were false and constituted defamation, Defendants reinforced and continued to

circulate the defamatory material. (*Id.* at ¶¶77-83). Left with no alternative, Mr. Soloway was compelled to initiate this lawsuit. (*Id*. at ¶1).

## LEGAL STANDARD

"There is no requirement that discovery cease during the pendency of a motion to dismiss." *Harper v. Central Wire, Inc.*, 2020 WL 5230746, at *1 (N.D. Ill. Sept. 2, 2020) (citations omitted). Rather, "a pending garden-variety motion to dismiss does not warrant a stay of discovery." *Tamburo v. Dworkin*, 2010 WL 4867346, at *2 (N.D. Ill. Nov. 17, 2010). Defendant "must show that good cause exists… The good cause determination encompasses factors such as [1] whether the stay will prejudice the non-movant; [2] whether the stay will simplify the issues in the case; and [3] whether the stay will reduce the burden of litigation for the parties or the court." *Id.* "It is the movant's burden to show that good cause exists for a stay." *Hayes v. Bd. Of Ed. for City of Chicago*, 2021 WL 8153761, at *1 (N.D. Ill. Dec. 22, 2021). Here, there is no good cause for a stay of discovery. None of the three factors support a stay.

## ARGUMENT

"In most cases, the existence of a dispositive motion is not the sole reason for granting a stay." *Hayes*, 2021 WL 8153761, at *1. Rather, "a stay of discovery is generally appropriate ***only*** when a party raises a potentially dispositive threshold issue such as a challenge to plaintiff's standing." *Id.* (citations omitted; emphasis added). A district court recently explained, "motions to stay [discovery] pending a motion to dismiss will commonly turn on the nature of the issue presented in the motion to dismiss, the nature of the discovery sought to be stayed, and the policy considerations presented by the Court's obligations to construe the Federal Rules of Civil Procedure 'to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Id.* (citing Fed. R. Civ. P. 1). Indeed, "[w]here the court finds that a stay of discovery

3

is unlikely to significantly expedite the litigation, and may actually slow it down, it will decline to interfere." *Tamburo,* 2010 WL 4867346, at *2.

Here, Defendants do not raise a "potentially dispositive threshold issue" such as standing, jurisdiction or qualified immunity in their motion to dismiss. *Hayes,* 2021 WL 8153761, at *1. Defendants' motion to dismiss arguments are normal and routine ones made in response to a defamation claim. The motion to dismiss is a run-of-the-mill motion on Rule 12(b)(6) grounds and is thus ineligible for a stay of discovery. *See Tamburo*, 2010 WL 4867346, at *2 (motion to stay discovery denied where defendants did not raise immunity, their jurisdictional arguments were already ruled upon, and the court could not conclude "the remaining claims" were "utterly frivolous or patently without merit."); *Kapila v. Columbia Faculty Union*, 2020 WL 13855895, at *2 (N.D. Ill. Nov. 30, 2020) (motion to stay discovery denied pending a motion to dismiss where the issues were "straightforward"). There is no requirement that discovery cease during the pendency of a motion to dismiss. *See SK Hand Tool Corp. v. Dresser Industries, Inc.*, 852 F.2d 936, 945 (7th Cir. 1988).

Courts regularly deny motions to stay discovery in cases involving defamation. *Tamburo*, 2010 WL 4867346, at *2 (denying in part a motion to stay discovery in a suit with defamation and tortious interference claims where defendants were not "raising a threshold issue such as immunity from suit," and their motion was "a pending garden-variety motion to dismiss" that did not "warrant a stay of discovery."); *Murff v. Kervan*, 2024 WL 2941933, at *2 (N.D. Ill. May 24, 2024) (denying motion to stay discovery in an employment and defamation suit where party did not meet its burden to show she would be "unduly prejudiced by continuing discovery"); *Kapila v. Columbia Faculty Union*, 2020 WL 13855895, at *1 (N.D. Ill. Nov. 30, 2020) (denying a motion to stay discovery in a labor and defamation case where defendants did not meet their burden to

4

show a "need for departure from the general rule that a pending garden-variety motion to dismiss does not warrant a stay of discovery.").

    A.  <u>Factor one: a stay of discovery would prejudice Mr. Soloway.</u>

Defendants argue a brief stay will not unduly prejudice Plaintiff, arguing "general prejudice" is insufficient. (Dkt. 17, Motion to Stay at 5). They further unjustly accuse Mr. Soloway of delaying several months to contact Defendants and taking an additional six months before suing for defamation. (*Id.* at n.1). This argument has no merit.

To start, the notion of faulting Plaintiff for pursuing his legal rights, within the statute of limitations, is absurd. Defendants essentially criticize Mr. Soloway for taking time to secure a lawyer, send retraction letters (which they essentially ignored), and subsequently file suit *on time*. Securing legal counsel, becoming familiar with a case, and deciding to sue due to sustained and potential future harm can be a lengthy process, particularly in individual defamation cases. Observing his reputation deteriorate, Mr. Soloway had to resort to litigation. Defendants do not dispute the timing of the lawsuit; instead, they wrongfully deflect blame onto Mr. Soloway to evade discovery. They cannot use this argument to delay proceedings or perpetuate damage to Mr. Soloway. *See, e.g., Ruud Lighting Inc. v. Cooper Lighting LLC*, 2013 WL 12241197, at *1 (E.D. Wis. Jan. 14, 2023) (court could not find that party acted "unfairly" with "delay" where he asserted his claims as timely as possible despite waiting two years); *Hunt v. Miller*, 2008 WL 1914298, at *1 (N.D. Ind. Apr. 28, 2008) (plaintiff's "delay" in filing his complaint did not state a claim upon which relief could be granted because he filed it within the statute of limitations).

Defendants also ignore the *per se* nature of the claims in this case. Mr. Soloway's reputation among the legal community continues to be harmed each day that the articles are available online. (*See* Dkt. 1, Compl. at ¶¶99-115). *See, e.g., Lothschuetz v. Carpenter*, 898 F.2d

5

1200, 1208-09 (6th Cir. 1990) (in a defamation matter an injunction was "necessary to prevent future injury to [the plaintiff's] personal reputation and business relations."); *Mid-Am. Apartment Comm's, Inc. v. Philipson*, 2024 WL 1178131, at *8 (W.D. Tenn. Mar. 19, 2024) (recognizing the ongoing harm plaintiff was suffering in a defamation case). Courts have found that the nature and immediacy of the claims at issue can be a reason to deny a stay. *Se-Kure Controls, Inc. v. Sennco Solutions, Inc.*, 675 F. Supp.2d 877, 879 (N.D. Ill. 2009) (prejudice to "business interests in delaying resolution of [the] infringement claims … weigh[ed] against staying the entire litigation."); *Weizel v. Main Street Connect, LLC*, 2012 LW 3937007, at *1 (D. Conn. Aug. 28, 2012) (denying a motion to stay discovery where there was prejudice to plaintiffs because "each day that passe[d] before plaintiffs can seek conditional certification… [wa]s a day the plaintiffs lose off of their claims"). Courts have found that ongoing reputational harm is a factor that shows prejudice and weighs against staying discovery. *Avago Tech. Fiber IP (Singapore) Pte. Ltd. V. IPtronics, Inc.*, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011).

Mr. Soloway is keen to vindicate himself and seek new opportunities in his legal career without the stain of the articles. He sees this lawsuit as the sole method for achieving that. The defendants have not demonstrated any specific difficulties they would encounter should the case continue, and the process of traditional discovery alone does not constitute sufficient hardship. *Harper,* 2020 WL 5230746, at *3-4 (denying a motion to stay where discovery was not unduly burdensome and costly); *Consumer Fin. Prot. Bureau v. TransUnion*, 2023 WL 3605995, at *2 (N.D. Ill. Apr. 13, 2023) (motion to stay discovery denied where a stay would have unduly prejudiced plaintiff and demonstrated more than a "fair possibility of harm"); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("if there is even a fair possibility that the stay … will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity in

6

being required to go forward."); *Baker v. Swift Pork Co.*, 2015 WL 6964702, at *1 (W.D. Ky. Nov. 10, 2015) ("the Court finds that the interest of plaintiff in prosecuting her claims outweighs the burden on defendant to engage in discovery…").

> B. Factor two: a motion to dismiss ruling in this case will not simplify the issues more than any other "garden-variety" motion to dismiss ruling.

Defendants argue, presumptively, that their motion to dismiss will simplify the issues with a dismissal. (Dkt. 17 at 5). This is essentially an argument that the merits of their dismissal motion warrant a stay. But, as another judge has pointed out, "a discussion of the merits of the pending motion to dismiss to evaluate whether the stay should be granted" is "inappropriate" because "[a]llowing a stay of discovery where a party asserts that dismissal is likely would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss, effectively circumventing the procedures for the resolution of such a motion." *Robinson v. Walgreen Co.*, 2021 WL 2453069, at *3 (N.D. Ill. June 16, 2021). Additionally, this argument is "unpersuasive because this is true anytime a dispositive motion is filed and granting a stay of discovery upon the filing of a motion to dismiss would 'allow the exception to swallow the rule.'" *Harper*, 2020 WL 5230746, at *2 (N.D. Ill. Sept. 2, 2020).

Defendants rely on two cases where other courts stayed discovery because granting a motion to dismiss would dispose of the entire case. (Dkt. 17 at 5-6). Both cases are inapplicable and factually distinct. First, *Rodriguez v. Ford Motor Co.* was a class action matter where motions to stay are frequently granted. 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2020). The court in *Rodriguez* specifically noted that "courts regularly stay discovery pending a ruling on a motion to dismiss" in a putative class action, "[g]iven the burden, time and expense often associated with responding to discovery" in those cases. Second, in *Larry R. Sadler Irrevocable Tr. v. Retail Props. of Am., Inc.*, plaintiffs in five related class action securities suits sought a "broad scope of

7

discovery" after being instructed to only serve limited discovery that could aid in settlement negotiations. 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013). The court found the propounded discovery was "both onerous and costly" and therefore allowed a stay.

This, conversely, is a straightforward defamation case, as outlined in the joint status report. (Dkt. 12). Defendants have not presented compelling facts to show that the nature of discovery in this case will be broad, onerous and costly, nor has any discovery been ordered by the court or propounded by Mr. Soloway to-date. *Harper,* 2020 WL 5230746, at *3-4 (denying a motion to stay where discovery was not unduly burdensome and costly).

C. Factor three: a stay of discovery would not reduce the burden of litigation because it would only serve to slow the resolution of the case.

Defendants argue a stay will reduce the burden of litigation on the parties and the court. (Dkt. 17 at 6). This is true in any case. But Defendants claim that the discovery burden will be heavy because "it will be necessary for Defendants to probe evidence related to the Cushman Contempt Proceedings and Plaintiff's departure from the firm." (*Id.*) This argument is nonsensical.

First, this case is uncomplicated, concerning one count, a singular plaintiff, and two defendants. Yes, the reasons for Mr. Soloway's departure will be examined. However, Defendants are overstating the need to delve into the underlying Trump proceedings to which Cushman was a third party, in discovery. The Trump case is unrelated to his exit. Nevertheless, it is probable that relevance constraints will limit discovery from straying into those proceedings too extensively. Normal discovery rules provide the mechanisms with which to evaluate burden.

Routine discovery in civil litigation is not a reason to stay a case. Courts have found that cases deserving of a discovery stay involved "burdensome and costly" discovery, including class actions, antitrust matters, and RICO claims. *See Harper*, 2020 WL 5230746, at *3 ("antitrust cases are a typical type of case where discovery is so burdensome and costly that a stay pending decision

on a motion to dismiss may be appropriate") (collecting cases); *Scott v. Jeffreys,* 2021 WL 8545420, at *3 (N.D. Ill. Nov. 12, 2021) (denying a motion to stay discovery where "[i]n examining the Complaint, the Court [did] not see that it present[ed] an unusually thorny or difficult set of factual issues to be explored."). This case does not present such circumstances.

Second, Defendants fail to even substantiate this discovery burden. This reason alone is grounds to dismiss their Motion to Stay. *Id.* at *4 ("Courts in this circuit find that broadly decrying the time and expense that is expected to be associated with responding to discovery, without any substantiation, does not establish good cause for staying discovery."); *see also Huang v. GeLab Cosmetics LLC*, 2023 WL 3226198, at *2 (N.D. Ill. May 3, 2023) (denying a motion to stay where "no discovery had been served by any party" in the case and thus defendant's argument that he would "face overly burdensome and expensive discovery… lack[ed] specifics or support in the record, and [was] wholly speculative."); *Scott*, 2021 WL 8545420, at *3 (motion to stay denied where defendant "presented no reason for the Court to conclude that the oral discovery… will be so burdensome or costly that a stay is critically necessary to conserve the resources the parties or the Court would expend if discovery proceeded now in full.").

Third, the authority to stay "must be exercised so as to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Where a stay could "actually slow down" litigation, courts should not interfere. *Tamburo*, 2010 WL 4867346, at *2. The parties have already submitted a joint status report outlining reasonable dates for discovery. (Dkt. 12). Under either party's proposal, written discovery would commence this summer. (*Id.* at 4). If forced to wait to start discovery until a decision on the motion to dismiss, this may cause unnecessary delay in discovery and push the case timeline back by potentially six or more months. This delay is needless and would only serve to slow the resolution of this case.

9

Fourth, Defendants fall back on the First Amendment to avoid discovery. (*Id.*) There is nothing in Illinois law or federal procedure that necessitates treating a defamation case differently than any other case in terms of proceeding with discovery. Defendants cite a Southern District of Florida case which is neither applicable nor controlling. The case, in fact, highlights the flaws in their argument. In *Bongino v. Daily Beast Co., LLC*, defendants brought an anti-SLAPP claim against a defamation suit. 477 F. Supp. 3d 1310 (S.D. Fla. 2020). There is no SLAPP motion here. Here, as the court in *Robinson* pointed out, "a discussion of the merits of the pending motion to dismiss" have not yet been decided, and "requir[ing] the court to make a preliminary finding of the likelihood of success on the motion to dismiss, [is] effectively circumventing the procedures for the resolution of such a motion." *Robinson,* 2021 WL 2453069, at *3.

## CONCLUSION

A stay of discovery would prejudice Mr. Soloway, is not needed to simplify the issues, and no burden has been shown that is necessary for discovery. Defendants' motion to stay should be denied.

Dated: July 19, 2024          Respectfully submitted,

/s/ *Nicole E. Wrigley*
Nicole E. Wrigley
Maura T. Levine-Patton
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive
Suite 1600
Chicago, IL 60606-4637
Telephone: 312-212-4940
NWrigley@beneschlaw.com
MLevine-patton@beneschlaw.com

*Counsel for Brett Soloway*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 19, 2024, a copy of the foregoing document was filed electronically and served by e-mail to all parties of record via ECF.

/s/ *Maura T. Levine-Patton*
*One of the Attorneys for Plaintiff*